**SO ORDERED.**

**SIGNED this 12 day of June, 2012.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

MARY DENISE ALEXANDER,    CHAPTER 7
                          CASE NO. 12-00514-8-RDD

        DEBTOR

**ORDER AVOIDING JUDICIAL LIEN AS TO DEBTOR'S INTEREST**

Pending before the Court is the Motion by Debtor to Avoid Lien filed by Mary Denise Alexander (the "Debtor") on March 30, 2012 (the "Motion"). The Court conducted a hearing on May 8, 2012, in Wilson, North Carolina to consider the Motion. At the conclusion of the hearing, the Debtor was given the opportunity to file a memorandum of law within twenty (20) days of the hearing date. The Debtor filed a Memorandum of Law in Support of Debtor's Motion to Avoid Lien on May 29, 2012.

The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on January 20, 2012. The Debtor and her non-debtor spouse own real property as tenants by the entirety, located at 3718 Columbia Ave., Wilson, North Carolina 27893 (the "Residence"). The Debtor uses the property as her Residence. The Debtor and the non-debtor spouse are separated and the non-debtor spouse does not live at the Residence.

The Residence is encumbered by a first lien deed of trust in favor of Wells Fargo Bank, N.A., which secures indebtedness with an unpaid balance of $136, 206.60, as of the petition date. Surgery Center of Wilson, LLC ("Surgery Center") holds a judicial lien against the Debtor and her non-debtor spouse pursuant to a judgment referenced in file 09-CVD-1249 in the Office of the Clerk of Court of Wilson County in the amount of $17,377.00[1].

The Debtor claimed a residential exemption in the Residence in the amount of $4,412.00 pursuant to N.C.G.S. § 1C-1601(a)(1).  However, she could claim up to $35,000.00 pursuant to N.C.G.S. § 1C-1601(a)(1) and *Botkin v. DuPont Cmty. Credit Union*, 650 F.3d 396 (4th Cir. 2011). The Debtor did not claim the tenancy by entirety exemption.  As of the petition date, the Debtor scheduled the Residence with a value of $157,995.00.

The issue before the Court is whether an individual debtor who owns property as tenants by entirety with her non-debtor spouse, may avoid a judicial lien against both the debtor and her non-debtor spouse.

The Supreme Court has long recognized one of the policies of the Bankruptcy Code is to provide debtors with a "fresh start." *Williams v. U.S. Fid. & Guar. Co.*, 236 U.S. 549, 554-55 (1915) (citations omitted). Further, the Supreme Court has affirmed that "exemptions in bankruptcy

---

[1] A prior judgment was entered against the Debtor by Surgery Center in the amount of $17,377.00 on April 17, 2009 referenced in file 08-CVD-2552. A Certificate of Payment/Satisfaction of Judgment by Judgment Creditor was filed by Surgery Center noting that the judgment was paid in full.  As a result, the judgment was marked paid in full. Later, on September 2, 2009, judgment was entered against both the Debtor and her non-debtor spouse in the amount of $17,377.00 referenced in file 09 CVD 1249.  Both the prior judgment and the present judgment reflect the same debt. At the hearing on May 8, 2012, the attorney for Surgery Center represented that the April 17, 2009 judgment was in fact never paid in full.

cases are part and parcel of the fundamental bankruptcy concept of a 'fresh start.'" *Schwab v. Reilly*, 130 S.Ct. 2652, 2667 (2010) (citations omitted).

"The purpose of § 522(f) is to protect a debtor's exemption, his discharge and his fresh start by permitting him to avoid a judicial lien on any property to the extent that the property could have been exempt in the absence of the lien." *In re Levinson*, 372 B.R. 582, 586 (Bankr. E.D.N.Y. 2007) (citing to S.Rep. No. 95-989, at 76 (1978) *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5862; H.R.Rep. No. 95-595, at 126-127 (1997), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6087-6088. A debtor may "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . if such lien is (A) a judicial lien . . . ." 11 U.S.C. § 522(f)(1)(A).

Only federal law provides for avoidance of the judicial lien and trumps state law in order to provide the "fresh start." The North Carolina General Statutes do not provide for avoidance of the judicial lien if it impairs an exemption. Only federal bankruptcy law provides such a mechanism. 11 U.S.C. § 522(f)(2)(a) is a "federal definition of impairment . . . and, in light of [its] explicit language, we no longer look to state law to define impairment." *In re Brinley*, 403 F.3d 415, 421 (6th Cir. 2005) (citation omitted). The issue of whether a lien impairs an exemption is determined by federal law. *See*, *David Dorsey Distrib., Inc. v. Sanders* (*In re Sanders*), 39 F.3d 258, 260-61 (10th Cir. 1994); *E.C. Henderson v. Belknap*, (*Matter of Henderson*), 18 F.3d 1305, 1308 (5th Cir. 1994); *City Nat'l Bank v. Chabot*, (*In re Chabot*), 992 F.2d 891, 894 (9th Cir. 1993).

> Section 522(f) was enacted when Congress rewrote the Code's exemption provisions in the Bankruptcy Reform Act of 1978. Recognizing that exemptions are critical to providing the bankruptcy debtor a "fresh start" and that state exemption laws were often inadequate for this purpose, Congress created alternative federal exemptions . . . and then added § 522(f) to permit the debtor to avoid judicial liens that impair exempt property. This avoidance power allows the debtor to undo the actions of

3

>    creditors that bring legal action against the debtor shortly before bankruptcy . . . .
>    Initially, §522(f) did not define when a judicial lien impairs an exemption, which led
>    to a variety of inconsistent judicial interpretations. In 1994, Congress added the
>    formula in §522(f)(2)(A), intending to bring order out of the prior chaos.

*Kolich v. Antioch Laurel Veterinary Hosp.* (*In re Kolich*), 328 F.3d 406, 407 (8th Cir. 2003) (internal citations omitted).

Pursuant to 11 U.S.C. § 522(f)(2)(A), "a lien shall be considered to impair an exemption to the extent that the sum of (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens."

Under North Carolina law, tenants by the entirety is a form of ownership where the husband and wife are each "deemed to be seized of the entire estate, with neither spouse having a separate or undivided interest therein." *Boyce v. Boyce*, 60 N.C. App. 685, 689, 299 S.E.2d 805, 807-808 (1983) (citing *Davis v. Bass*, 188 N.C. 200, 124 S.E. 566 (1924); *Wall v. Wall*, 24 N.C. App. 725, 212 S.E.2d 238 (1975)). The filing of a bankruptcy petition by one spouse does not sever the tenancy by the entirety. *Greenblatt v. Ford*, 638 F.2d 14, 14-15 (4th Cir. 1981).

In North Carolina, a judgment lien against only one spouse does not extend to real property held as tenants by the entirety. 2 James A. Webster, Jr., Patrick K. Hetrick & James B. McLaughlin, Jr., *Webster's Real Estate Law in North Carolina* § 20-4 (6th ed. 2011). A judgment lien against both spouses on a joint debt will attach to tenants by the entirety property. *Id.* Here, because the judgment is against the Debtor and her non-debtor spouse, the judgment attaches to the Residence.

The §522(f) analysis is complicated by the somewhat peculiar facts of this case. The facts being that the Residence is owned as tenants by the entirety, the Debtor's spouse did not join the

4

bankruptcy petition, and the judgment held by Surgery Center is against the Debtor and the non-debtor spouse. *See, In re Staples*, 2000 WL 33673800 at * 1 (Bankr. M.D.N.C. 2000).

Pursuant to 11 U.S.C. § 541(a), "all legal or equitable interests of the debtor in property as of the commencement of the case" are property of the estate. *In re Staples*, 2000 WL 33673800 at * 2 (Bankr. M.D.N.C. 2000) (citation omitted). The Fourth Circuit has determined that a debtor's interest in entireties property is property of the estate under the broad reach of 11 U.S.C. § 541(a). *Id.* (citing *In re Cordova*, 73 F.3d 38, 40 (4th Cir. 1996)).

Accordingly, the Debtor's interest in the entireties property is property of the estate pursuant to 11 U.S.C. § 541(a). Therefore, 11 U.S.C. § 522(f) applies only as to the Debtor's interest in the Residence. *Id.* Debtor uses the property as her residence and as a co-tenant by entirety owner, Debtor is entitled to the whole title interest, just as the non-debtor spouse.

Because the Debtor owns a tenancy by entirety with her non-debtor spouse, the Residence is property of the estate pursuant to 11 U.S.C. § 541(a) and 11 U.S.C. § 522(f) applies as follows: as to the property located at 3718 Columbia Ave., Wilson, North Carolina 27893 the total aggregate of the liens ($153,583.60) and the value of the exemption the Debtor could claim of $35,000.00 is equal to $188, 583.60 which exceeds the value ($157,995.00) of the Debtor's interest in the property by $30,588.60. Because that sum is greater than or equal to the amount of the $17,377.00 judicial lien sought to be avoided, the judicial lien impairs an exemption pursuant to 11 U.S.C. § 522(f) and the Debtor is entitled to avoid the entire judgment of Surgery Center, but only as to the Debtor's interest in the Residence and not as to her non-debtor spouse's interest. So long as the Debtor owns a tenancy by entirety, tenancy in common, or fee simple interest in this property, the judgment lien cannot be enforced against the Debtor's interest and is avoided. This analysis furthers

5

the policy of providing debtors with a "fresh start." *See*, *Williams v. U.S. Fidelity & G. Co.*, 236 U.S. 549, 554-55 (1915).

Therefore, it is **ORDERED** that the judicial lien held by Surgery Center, and referenced in file 09-CVD-1249 in the Office of the Clerk of Court of Wilson County, is **AVOIDED** in its entirety and **CANCELLED** only as to the Debtor's interest in the real property described as 3718 Columbia Ave., Wilson, North Carolina 27893. This Order does not avoid any judicial lien as to the non-debtor spouse's interest in the same real property.[2]

**SO ORDERED.**

**END OF DOCUMENT**

---

[2] Should the tenancy by entirety be severed by death of Debtor, then the lien is not avoided as to the surviving Debtor spouse's interest in the property. Should the tenancy by entirety be severed by transfer by Debtor to non-debtor spouse, the lien is not avoided as to the non-debtor spouse's interest in the property. Upon the death of the Debtor or transfer by the Debtor to non-debtor spouse, the non-debtor spouse would then own the entire fee simple interest, to which the judicial lien attaches.

Should the tenancy by entirety be severed by divorce, the interest of the Debtor becomes a tenancy in common and the judicial lien is avoided as to the Debtor's one-half undivided interest. Should the tenancy by entirety be terminated by the death of the non-debtor spouse, the judicial lien is avoided as to the entire interest of the Debtor in the property. Should the tenancy by entirety be terminated by the transfer of the property from the non-debtor spouse to the Debtor, the judicial lien is avoided as to the Debtor's entire interest in the property.